1
2
3
4
5

Annie S. Wang (SBN 243027)
*annie@wangalc.com*
J. Andrew Coombs, Of Counsel (SBN 123881)
*andy@wangalc.com*
Wang Law Corporation
1150 Foothill Boulevard, Suite E
La Cañada Flintridge, California 91011
Telephone:   (818) 500-3200
Facsimile:    (818) 500-3201

6
7

Attorneys for Plaintiffs
Sanrio Co., Ltd. and Sanrio, Inc.

8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18

| | |
|---|---|
| Sanrio Co., Ltd. and Sanrio, Inc.<br><br>                              Plaintiffs,<br>     v.<br><br>GearLaunch, Inc., Thatcher Claflin Spring, and Does 1 through 10, inclusive,<br><br>                              Defendants. | Case No.<br><br>Complaint For:<br>1.  Copyright Infringement;<br>2.  Trademark Infringement;<br>3.  Unfair Competition;<br>4.  False Advertising;<br>5.  Contributory Copyright Infringement;<br>6.  Vicarious Copyright Infringement;<br>7.  Contributory Trademark Infringement;<br>8.  Vicarious Trademark Infringement.<br><br>DEMAND FOR JURY TRIAL |

19
20

Plaintiffs Sanrio Co., Ltd. ("Sanrio Co.") and Sanrio, Inc. ("Sanrio") (collectively "Plaintiffs"), for their Complaint allege as follows:

21

**A.**     **Jurisdiction and Venue**

22
23
24
25
26
27
28

1.      The claims alleged herein arise under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.* and under the Trademark Act, 15 U.S.C. § 1051, *et seq.*, for (i) direct copyright infringement; (ii) direct trademark infringement; (iii) unfair competition; (iv) false advertising; (v) contributory liability for copyright infringement; (vi) vicarious liability for copyright infringement; (vii) contributory liability for trademark infringement; and (viii) vicarious liability for trademark infringement.  The Court has jurisdiction over the subject matter of the claims for

copyright infringement pursuant to the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*, 28 U.S.C. § 1331 and § 1338(a).  The Court has jurisdiction over the subject matter of the claims for trademark infringement, unfair competition, and false advertising pursuant to the Lanham Trademark Act, as amended, 15 U.S.C., § 1051 *et seq*. and 28 U.S.C. § 1331 and § 1338.

2.       The events giving rise to the claim alleged herein occurred, among other places, within this judicial district.  Venue in the Central District of California is proper pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

**B.**    **Introduction**

3.       This case concerns the concerted, systematic and wholesale theft of world-famous intellectual properties exclusively owned and/or licensed by Plaintiffs. Defendants are the owners, operators, and managers of a wide-reaching network of websites, printers and shippers that are actively advertising, offering for sale, manufacturing and distributing a multitude of unlicensed items including counterfeit apparel, mugs, and related items, which incorporate unauthorized likenesses of characters or other logos exclusively owned and/or licensed by Plaintiffs, including but not necessarily limited to, *Hello Kitty, Dear Daniel, Keroppi,* and *My Melody* ("Infringing Product(s)").  Despite service of multiple notices of infringement, Defendants' ongoing and unauthorized activity continues.  Defendants have the ability to stop rampant infringement occurring on their websites at numerous points in the advertising, distribution and fulfillment process, all under Defendants' control, but they continue to profit off of the continued infringement of Plaintiffs' properties. Plaintiffs filed this action to combat Defendants' willful sale of unlicensed and counterfeit products bearing Plaintiffs' well-known copyrights and trademarks.

**C.**    **Plaintiffs**

4.       Sanrio is a corporation, duly organized and existing under the laws of California, having its principal place of business in El Segundo, California.  Sanrio

is, and at all relevant times has been, the exclusive U.S. licensee of Sanrio Co., a Japanese corporation.  Sanrio is a wholly-owned subsidiary of Sanrio Co.

5.     For more than fifty (50) years, Sanrio Co. has been engaged in the business of manufacturing, distributing and selling a wide range of products featuring, without limitation, character artwork created, developed and designed by Sanrio Co. for use by children and adults.  Certain characters and designs have achieved such global fame and popularity that Sanrio Co. has produced and distributed television programming for children based on the character artwork.  One such television program is the animated television series entitled *Hello Kitty*.

6.     A significant source of revenue for Plaintiffs is the merchandising and licensing of distinctive elements bearing character artwork, including Hello Kitty, Gudetama, Dear Daniel, Bad Badtz Maru, Chococat, KeroKeroKeroppi, Landy, Little Twin Stars, Monkichi, My Melody, Patty and Jimmy, Pekkle, Picke Bicke, Pochacco, Tuxedo Sam, Winkipinki, Kuromi, Charmmy Kitty and Zashikbuta (hereinafter individually and collectively referred to as the "Sanrio Characters" or "Plaintiffs' Characters").

7.     The business associated with products using the Sanrio Characters sold in the United States is substantial.  The appearance and other features of the Sanrio Characters are inherently distinctive and serve to identify Plaintiffs as the source of products bearing the Sanrio Characters.  The design, configuration and distinctive features of the Sanrio Characters and other Sanrio Co. copyrighted works, and of works related thereto (hereinafter individually and collectively referred to as "Plaintiffs' Copyrights") are wholly original with Sanrio Co. and, as fixed in various tangible media, including, without limitation, apparel, mugs, and related merchandise, are copyrightable subject matter under the United States Copyright Act, 17 U.S.C., §§ 101 *et seq.*  Sanrio Co. is the owner of exclusive rights to Plaintiffs' Copyrights and, as featured on and in connection with various

merchandise, these designs constitute copyrightable subject matter under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*

8.     Sanrio Co. has complied in all respects with the laws governing copyright and has secured the exclusive rights and privileges in and to the copyrights to Plaintiffs' Copyrights and Sanrio Co. owns one or more certificates of registration for works in which each of Plaintiffs' Copyrights appear.  A representative list of copyright registrations is attached hereto as Exhibit A and incorporated herein by reference.

9.     Products featuring Plaintiffs' Copyrights manufactured, sold and distributed by Sanrio Co. or under its authority have been manufactured, sold and distributed in conformity with the provisions of the copyright laws.  Sanrio Co. and those acting under its authority have complied with their obligations under the copyright laws and Sanrio Co. has at all times been and still is the sole proprietor or otherwise authorized to enforce all right, title and interest in and to the copyrights in each of Plaintiffs' Copyrights.

10.     Sanrio Co. owns all right, title and interest in and to and holds exclusive right to develop, manufacture, market and sell products bearing the trademarks, trade names, service marks, artwork, characters and other distinctive elements for and incorporating the Sanrio Characters in the United States.

11.     Sanrio Co. is the owner of world-famous registered marks which serve to distinguish Sanrio Co. products.  Some of those trademarks have been used continuously for over twenty-five years.  Sanrio Co. engaged in extensive advertising and marketing to develop and maintain the considerable good will it enjoys in its trademarks and in its reputation for high quality.  A representative list of trademark registrations for the Sanrio Characters is attached hereto as Exhibit B (collectively "Plaintiffs' Trademarks") and incorporated herein by reference.

12.     Plaintiffs' Trademarks are all valid, extant and in full force and effect. Plaintiffs' Trademarks are all exclusively owned by Sanrio Co.  Sanrio Co. has

continuously used each of the Plaintiffs' Trademarks from the registration date, or earlier, until the present and at all times relevant to the claims alleged in this Complaint.

13.     As a result of advertising and sales, together with longstanding consumer acceptance, Plaintiffs' Trademarks identify Sanrio Co.'s products and authorized sales of these products.  Plaintiffs' Trademarks have each acquired secondary meaning in the minds of consumers throughout the United States and the world.  The Sanrio Characters, Plaintiffs' Copyrights, and Plaintiffs' Trademarks are collectively referred to herein as "Plaintiffs' Properties."

**D.    Defendants**

14.     Defendant GearLaunch, Inc. ("GearLaunch") is a California corporation which does business and operates numerous websites, including, but not limited to, teenava.com, teebonny.com, teejolly.com, teeburger.com, moretee4u.com, teeodd.com, guucollection.com, stylelifetee.com, and on information and belief numerous others (collectively "Counterfeiting Websites"), with its principal place of business in the city and county of San Francisco, in the State of California. GearLaunch is subject to the jurisdiction of this Court and is manufacturing, promoting, distributing, advertising and/or selling merchandise which infringes Plaintiffs' Properties within this judicial district.

15.     Plaintiffs are informed and believe that Defendant Thatcher Claflin Spring ("Spring") is an individual.  Plaintiffs are informed and believe that Spring is a resident of San Francisco, in the State of California.  Plaintiffs are informed and believe, and based thereon allege, that Spring is a principal and/or supervisory employee of GearLaunch.  Plaintiffs are further informed and believe, and based thereon allege, that Spring had the right and ability to supervise or control the infringing activity alleged herein and that Spring had a direct financial interest in such activity.  In addition or alternatively, Defendant Spring had knowledge or

reason to know of the infringing activity and took actions which contributed to such activity.

16.     Upon information and belief, Does 1 – 10 are either entities or individuals who are residents of or present in this judicial district, and are subject to the jurisdiction of this Court.  Upon information and belief, Does 1 – 10 are principals or supervisory employees, suppliers of the named defendants, or other entities or individuals who are manufacturing, distributing, selling and/or offering for sale merchandise in this judicial district which infringes some or all of Plaintiffs' Properties.  The identities of the various Does are unknown to Plaintiffs at this time.  The Complaint will be amended to include the names of such individuals when identified.  The named defendants and Does 1 – 10 are collectively referred to herein as "Defendants."

**F.     Defendants' Infringing Activities**

17.     Long after Plaintiffs' adoption and use of Plaintiffs' Properties on a diverse range of goods, and after Plaintiffs obtained the rights to the copyright and trademark registrations alleged above, Defendants adopted and used substantially identical likenesses of Plaintiffs' Properties on Infringing Product, without Plaintiffs' consent, by manufacturing, advertising, displaying, distributing, selling and/or offering to sell the Infringing Product.

18.     Defendants have caused the Infringing Product to enter into interstate commerce and to be transported or used in interstate commerce.  Defendants are not licensed by Plaintiffs, and at all relevant times were not authorized by Plaintiffs or any authorized agent of Plaintiffs to display, advertise, manufacture, distribute, sell and/or offer for sale the Infringing Product.

19.     Beginning in or about May 2016, Plaintiffs documented and made sample purchases from a variety of the Counterfeiting Websites which were all unauthorized and linked back to the Defendants by the offending website URL, the receiving PayPal account for the payment of the counterfeit goods, the manufacturer,

the identified fulfillment facility used, and/or by return address of the received infringing items, among other things.  Plaintiffs also identified a number of Counterfeiting Websites sharing Defendants' published contact information "Barrett Summerlin, 234 Front Street, San Francisco, CA 94111" and/or "Legal Department, 234 Front Street, San Francisco, CA 94111" with email address "legal@gearlaunch.com" and a common theme of advertising for the same kinds of products which featured content and intellectual properties owned by various well-known rights owners, including Plaintiffs.  Three such infringing sample purchases from early 2018 are depicted below:

**Sample Infringing Purchases (Early 2018):**

| Infringing Sample | Plaintiffs' Properties Infringed (Non-Exhaustive) |
|---|---|
| <br>Offer on Teejolly.com<br>Payment made to PayPal Seller<br>"Custom Tee Sales<br>844-900-0887<br>support@customteesales.co";<br>Return address of 234 Front Street, Level 3, San Francisco, CA 94111 | HELLO KITTY<br>Reg. No. 1215436<br><br><br><br>Reg. No. VA 1-342-775 |
| <br>Offer on Teebonny.com<br>Payment made to PayPal Seller<br>"Custom Tee Sales<br>844-900-0887<br>support@customteesales.co";<br>Return address of 234 Front Street, Level 3, San Francisco, CA 94111 | <br>Reg. No. 1277721<br><br>HELLO KITTY<br>Reg. No. 1279486 |

| | |
|---|---|
| <br><br>Offer on Teebonny.com<br>Payment made to PayPal Seller<br>"Custom Tee Sales<br>844-900-0887<br>support@customteesales.co";<br>Return address of GearLaunch, 234 Front Street Floor 3,<br>San Francisco, CA 94111 | HELLO KITTY<br>Reg. No. 4850607<br><br><br><br>Reg. No. VA 1-296-115 |

17.    Since in or about March 2018 alone, Defendants were served with not less than <u>five</u> written notices of their unauthorized activities.

18.    Despite these good faith efforts, Defendants' infringing activities did not relent and examples of their continuing infringement of some of the same properties (as well as others) *after* receipt of notices from Plaintiffs are illustrated below:

**Post-Notice Sample Infringing Purchases:**

| **Infringing Sample** | **Plaintiffs' Properties Infringed (Non-Exhaustive)** |
|---|---|
| <br><br>Offer on Teejolly.com<br>Payment made to PayPal Seller<br>"Custom Tee Sales<br>844-900-0887<br>support@customteesales.co";<br>Return address of CUSTOMTEE SALES 234 Front Street, San Francisco, CA 94111 | HELLO KITTY<br>Reg. No. 1215436<br><br><br>Reg. No. VA 1-342-775 |

| | |
|---|---|
| Offer on TeeJolly.com<br>Payment made to PayPal Seller<br>"Custom Tee Sales<br>844-900-0887<br>support@customteesales.co";<br>Return address of 234 Front Street, San Francisco,<br>CA 94111 | MY MELODY<br>Reg. No. 1305637<br><br>Reg. VA 148-778 |
| Offer on TeeJolly.com<br>Payment made to PayPal Seller<br>"Custom Tee Sales<br>844-900-0887<br>support@customteesales.co";<br>Return address of 234 Front Street, San Francisco,<br>CA 94111 | Reg. No. 1200083<br>Reg. No. VAu 684-322 |
| Offer on Teejolly.com<br>Payment made to PayPal Seller<br>"Custom Tee Sales<br>844-900-0887<br>support@customteesales.co";<br>Return address of 234 Front Street, 3rd Floor, San<br>Francisco, CA 94111 | HELLO KITTY<br>Reg. No. 4850607<br><br>Reg. No. VAu 1-078-385 |

| | |
|---|---|
|  Offer on Teebonny.com Payment made to PayPal Seller "Custom Tee Sales 844-900-0887 support@customteesales.co"; Return address of 234 Front Street, San Francisco, CA 94111 | HELLO KITTY Reg. No. 1279486  Reg. No. VA 1-342-775  Reg. No. 3272377 |
|  Offer on Teebonny.com Payment made to PayPal Seller "Custom Tee Sales 844-900-0887 support@customteesales.co"; Return address of 234 Front Street, 3rd Floor, San Francisco, CA 94111 | HELLO KITTY Reg. No. 4850607  Reg. No. 4858353  Reg. No. 3445304 |

19.   None of the offers or products reviewed by Plaintiffs were authorized and all appeared to be made by Defendants themselves who have no relationship or authorization from Plaintiffs to use any of their intellectual properties.  Defendants are currently engaged in such uses and, unless enjoined by this Court, will continue such unauthorized uses.

Sanrio v. GearLaunch, Inc., et al.: Complaint

20.     Plaintiffs are informed and believe that Defendants maintain control over what appears on their websites and may unilaterally remove any content they choose.   Defendants maintain total discretion over all designs they display, advertise, manufacture, distribute, sell and/or offer to sell and they are involved in every meaningful stage of the infringement.  Plaintiffs are informed and believe that Defendants purposefully do not remove all infringing content because Defendants, who advertise, collect sales proceeds, manufacture, and distribute the Infringing Product, profit from every sale made through its network of Counterfeiting Websites.

21.     By engaging in this conduct, Defendants have acted in willful disregard of laws protecting Plaintiffs' goodwill and related proprietary rights and have confused and deceived, or threaten to confuse and deceive, the consuming public concerning the source and sponsorship of Defendants' products.  By their wrongful conduct, Defendants have traded upon and diminished Plaintiffs' goodwill through their direct actions.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement)

22.     Plaintiffs repeat and reallege all of the allegations contained in Paragraphs 1 through 21, inclusive, as though set forth herein in full.

23.      Plaintiffs own exclusive rights and interests in and to valid copyrights for and incorporating the Sanrio Characters and Plaintiffs' Copyrights.

24.     Plaintiffs are informed and believe, and upon that basis allege, that the Defendants have each obtained gains, profits and advantages as a result of their infringing acts in amounts within the jurisdiction of the Court.

25.     Plaintiffs are informed and believe, and upon that basis allege, that they have suffered and continue to suffer direct and actual damages as a result of Defendants' infringing conduct as alleged herein, in amounts within the jurisdiction of this Court.  In order to determine the full extent of such damages, including such profits as may be recoverable under 17 U.S.C. § 504, Plaintiffs will require an

Sanrio v. GearLaunch, Inc., et al.: Complaint

accounting from each Defendant of all monies generated from the display, offer for, manufacture, distribution and/or sale of the Infringing Product as alleged herein.  In the alternative, Plaintiffs may elect to recover, for each of their respective copyrighted works infringed, statutory damages pursuant to 17 U.S.C. § 504(c).

26.     Plaintiffs have no other adequate remedy at law and have suffered and continue to suffer irreparable harm and damage as a result of the above-described acts.  Plaintiffs are informed and believe, and upon that basis allege, that, unless enjoined by the Court, the unlawful infringement by Defendants of Plaintiffs' Copyrights will continue with irreparable harm and damage to Plaintiffs. Accordingly, Plaintiffs seek and request permanent injunctive relief pursuant to 17 U.S.C § 502.

27.     By reason of the foregoing, Plaintiffs have incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of their claims herein, which attorneys' fees and costs Plaintiffs are entitled to recover from the Defendants, and each of them, pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

### (For Trademark Infringement)

28.     Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 27, inclusive, as though set forth herein in full.

29.     Defendants' manufacture, advertisement, display, promotion, marketing, distribution, sale and/or offer for sale of the Infringing Product is likely to cause confusion or to cause mistake or to deceive the relevant public and trade regarding the affiliation, sponsorship, endorsement or approval of the Infringing Product by Plaintiffs.  Such confusion, mistake and deception is aggravated by the confusing similarity between Plaintiffs' Trademarks and the use of substantially identical likenesses on the Infringing Product in the same type of goods made and sold by or under authority of Plaintiffs.

30.     Plaintiffs are informed and believe, and upon that basis allege, that Defendants, and each of them, acted with knowledge of the federally registered trademarks alleged herein and of the valuable goodwill Plaintiffs enjoys in connection therewith, with intent to confuse, mislead and deceive the public into believing that the Infringing Product was made and sold by Plaintiffs or are in some other manner, approved or endorsed by Plaintiffs.

31.     Plaintiffs have suffered and continue to suffer irreparable harm and damage as a result of Defendants' acts of trademark infringement in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. § 1117.  In order to determine the full extent of such damages, including such profits as may be recoverable under 15 U.S.C. § 1117, Plaintiffs will require an accounting from each Defendant of all monies generated from the advertisement, display, offer for, manufacture, distribution and/or sale of the Infringing Product as alleged herein.  In the alternative, Plaintiffs may elect to recover statutory damages pursuant to 15 U.S.C. § 1117(c).

32.     Plaintiffs have no other adequate remedy at law and have suffered and continue to suffer irreparable harm and damage as a result of the above-described acts of infringement.  Plaintiffs are informed and believe, and upon that basis allege, that, unless enjoined by the Court, the unlawful infringement will continue with irreparable harm and damage to Plaintiffs.  Accordingly, Plaintiffs seek and request preliminary and permanent injunctive relief pursuant to 15 U.S.C § 1116.

33.     By reason of the foregoing, Plaintiffs have incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of their claims herein, which attorneys' fees and costs Plaintiffs are entitled to recover from Defendants, jointly and severally, their reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117(c).

## THIRD CLAIM FOR RELIEF

### (For Unfair Competition)

34.     Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 33, inclusive, as though set forth herein in full.

35.     Plaintiffs, at all relevant times, have been the owner or exclusive U.S. licensee of each of Plaintiffs' Properties, respectively.

36.     Plaintiffs' Properties have each acquired a secondary and distinctive meaning among the public, which has come to identify Plaintiffs through various media and through the distribution and sale of authorized merchandise bearing or incorporating the distinctive features of Plaintiffs' Properties, and designating Plaintiffs as the exclusive owner or source of such Properties and products.  As a result of the extensive advertising, media exposure, sales and public recognition of Plaintiffs' Properties, combined with the positive experiences of the public in their relationship with Plaintiffs, Plaintiffs' Properties are each symbolic of Plaintiffs, and representative of the image which the public has of Plaintiffs.

37.     Plaintiffs are informed and believe, and upon that basis allege, that Defendants, and each of them, have, without permission, authority or license from Plaintiffs or their respective licensees, affixed, applied and/or used in connection with the manufacture, advertisement, display, promotion, marketing, distribution, sale and/or offer for sale, false descriptions and representations, including words or other symbols which tend falsely to describe or represent such goods as originating from Plaintiffs and/or otherwise approved, authorized or affiliated with Plaintiffs, when in fact they are not.  Moreover, the Defendants have, upon information and belief, caused the entry of such goods into interstate commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Plaintiffs.  Defendants, and each of them, by misappropriating and using one or more of Plaintiffs' Properties, have misrepresented and falsely described to the general public the origin, source,

association, affiliation or sponsorship of their goods so as to create the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of said goods.

38.    Plaintiffs are informed and believe, and upon that basis allege, that the Infringing Product being manufactured, advertised, marketed, displayed, distributed, sold and/or offered for sale by Defendants, and each of them, will be damaging to and dilute the goodwill and reputation of Plaintiffs.

39.    Defendants' acts and conduct, as alleged herein, including, without limitation, the Defendants' duplication and imitation of Plaintiffs' Properties, are business practices likely to deceive or confuse the purchasing public and trade upon Plaintiffs' reputation, both as to the source, origin, sponsorship and approval of the goods provided and as to the affiliation, connection or association of Defendants, and each of them, with Plaintiffs and constitute acts of unfair competition, false designation of origin and false representation of affiliation, all in violation of 15 U.S.C. § 1125(a).  Plaintiffs are informed and believe, and upon that basis allege, that each of Defendants' respective acts of reputation appropriation and unfair competition was willful.

40.    Plaintiffs have no adequate remedy at law and have suffered and continue to suffer irreparable harm and damage as a result of Defendants' respective acts of unfair competition in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. § 1117.

41.    Plaintiffs are informed and believe, and upon that basis allege, that unless enjoined by the Court the confusion and deception alleged above and the likelihood thereof will continue with irreparable harm and damage to Plaintiffs. Accordingly, Plaintiffs seek and request preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

Sanrio v. GearLaunch, Inc., et al.: Complaint

42.     Plaintiffs are informed and believe, and upon that basis allege, that Defendants have each obtained gains, profits and advantages as a result of their wrongful acts of unfair competition in amounts not thus far determined but within the jurisdiction of this Court, which amounts should each be trebled, pursuant to 15 U.S.C. § 1117.

43.     In order to determine the full extent of such damages, including such profits as may be recoverable, Plaintiffs require an accounting from each Defendant of all monies generated from the manufacture, distribution and/or sale of the Infringing Product.

44.     By reason of the foregoing, Plaintiffs have incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of their claims herein, which attorneys' fees and costs Plaintiffs are entitled to recover from the Defendants, and each of them, pursuant to 15 U.S.C. § 1117.

## FOURTH CLAIM FOR RELIEF

### (For False Advertising)

45.     Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 44, inclusive, as though fully set forth herein.

46.     Defendants advertised, listed and identified their products as "Hello Kitty" and/or "My Melody," among other identifiers, on the Counterfeiting Websites when such Infringing Products were not in fact authorized by Plaintiffs.

47.     The false and deceptive statements made by Defendants on the Counterfeiting Websites were published in interstate commerce to lure and attract consumers, and on information and belief, did in fact deceive consumers to purchase the Infringing Products from Defendants.

48.     Upon information and belief Defendants' advertising in connection with sales of their products, actually deceived and/or had the tendency to deceive a substantial segment of consumers in that the deceptive statements concerned material attributes of otherwise generic and blank products which Defendants then affixed

with unauthorized copies of Plaintiffs' Properties as advertised, likely influencing the purchasing decision by unsuspecting consumers.

49.    Plaintiffs are injured as a result of Defendants' false representations concerning their products, either by direct diversion of sales from themselves to Defendants or by a lessening of the goodwill associated with their products.

50.    Defendants' acts have irreparably injured, and, unless enjoined, will continue to irreparably injury Plaintiffs, and Plaintiffs have no adequate remedy at law.

## **FIFTH CLAIM FOR RELIEF**

### **(For Contributory Copyright Infringement)**

51.    Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 50, inclusive, as though fully set forth herein.

52.    Defendants not only supply the advertising space for infringing offers, they manufacture, sell, accept payment for and distribute each infringing product sold through the Counterfeiting Websites for a share in the profit.

53.    Defendants have actual knowledge of the illegal acts of the Counterfeiting Websites from, among other things, repeated written notification from Plaintiffs.  Defendants have therefore deliberately disregarded and otherwise consciously avoided learning about the full extent of illegal counterfeiting and infringing activities that are continuing at the Counterfeiting Websites.

54.    Defendants have knowingly and willfully permitted and continue to permit the Counterfeiting Websites to sell and offer for sale unauthorized copies of products bearing the Plaintiffs' Properties through the Counterfeiting Websites.

55.    Defendants have therefore materially encouraged, enabled, and contributed to the infringing conduct at the websites operated by the Counterfeiting Websites.

56.    Plaintiffs have sustained, and will continue to sustain, substantial injuries, loss, and damage to their exclusive rights in the Plaintiffs' Copyrights, and

Plaintiffs have sustained and will continue to sustain damages from the loss of value of the exclusive rights thereunder as a result of the Defendants' wrongful conduct in an amount to be determined at trial but in no event less than One Hundred Fifty Thousand Dollars ($150,000) per copyright infringed.

## SIXTH CLAIM FOR RELIEF

### (For Vicarious Copyright Infringement)

57.     Plaintiffs repeat and re-allege all of the allegations contained in paragraphs 1 through 56, inclusive, as though fully set forth herein.

58.     Defendants not only supply the advertising space for infringing offers, they manufacture, sell, accept payment for and distribute each infringing product sold through the Counterfeiting Websites for a share in the profit.

59.     Despite having numerous opportunities to stop the infringement starting from when an infringing offer is submitted, to when it is posted, to when the infringing product is purchased, when Defendants accept payment for the infringing product, when the infringing product is manufactured by Defendants, and when the infringing product is distributed, Defendants continue to permit and enable pervasive infringement of Plaintiffs' Copyrights.

60.     Plaintiffs have sustained, and will continue to sustain, substantial injuries, loss, and damage to their exclusive rights in the Plaintiffs' Copyrights, and Plaintiffs have sustained and will continue to sustain damages from the loss of value of the exclusive rights thereunder as a result of the Defendants' wrongful conduct in an amount to be determined at trial but in no event less than One Hundred Fifty Thousand Dollars ($150,000) per copyright infringed.

## SEVENTH CLAIM FOR RELIEF

### (For Contributory Trademark Infringement)

61.     Plaintiffs repeat and re-allege all of the allegations contained in paragraphs 1 through 60, inclusive, as though fully set forth herein.

62.     Defendants are engaging in illegal conduct including but not necessarily limited to the promotion, advertisement, offer for sale, manufacture, sale and distribution of counterfeit goods in violation of the Lanham Act, as amended.

63.     Defendants have actual knowledge of the illegal activities from, among other things, written notification from Plaintiffs directly, and by counsel and agents for Plaintiffs.

64.     Defendants have deliberately disregarded these notifications and have otherwise consciously avoided learning about the full extent of illegal counterfeiting and infringing activities that are continuing through the Counterfeiting Websites.

65.     Defendants have materially encouraged, enabled, and contributed to the infringing conduct at the Counterfeiting Websites by providing, among other things, a platform for the Counterfeiting Websites, displaying offers for counterfeit products, facilitating communications by and between the sellers of counterfeit goods over the Counterfeiting Websites and their distributors, consumers and vendors, accepting payment for the counterfeit products, manufacturing the counterfeit products and distributing the counterfeit products.

66.     Defendants therefore bear contributory liability for the Counterfeiting Websites' counterfeiting of the Plaintiffs' Trademarks in violation of 15 U.S.C. § 1051, et seq. and the common law.

67.     Plaintiffs have no adequate remedy at law and has suffered irreparable harm and damage as a result of the contributory counterfeiting conduct of the Defendants.

68.     Plaintiffs have sustained damages as a result of the Defendants' wrongful contributory conduct in an amount to be ascertained at trial but in no event less than Two Million Dollars ($2,000,000) per trademark per counterfeit.

## EIGHTH CLAIM FOR RELIEF

### (For Vicarious Trademark Counterfeiting)

69.     Plaintiffs repeat and re-allege all of the allegations contained in paragraphs 1 through 68, inclusive, as though fully set forth herein.

70.     The illegal sales of products that infringe on the Plaintiffs' Trademarks have generated significant sums of monies for the Counterfeiting Websites and Defendants.

71.     Despite the Defendants' duty and right to control the Counterfeiting Websites, they have taken no steps to stop or otherwise prevent the ongoing counterfeiting at the websites operated by the Counterfeiting Websites or to disconnect links directing consumers to such websites.

72.     Defendants are therefore vicariously liable for the damages caused to Plaintiffs as a result of the illegal promotion, advertisement, offer for sale and/or sale of counterfeit merchandise at the Counterfeiting Websites in violation of 15 U.S.C. § 1051, et seq. and the common law.

73.     Plaintiffs have sustained damages as a result of the Defendants' wrongful vicarious conduct in an amount to be determined at trial but in no event less than Two Million Dollars ($2,000,000) per trademark per class of good counterfeited.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand:

A.     That Defendants, their agents, servants, employees, representatives, successor and assigns, and all persons, firms, corporations or other entities in active concert or participation with any of said Defendants, be immediately and permanently enjoined from:

1.     Directly or indirectly infringing Plaintiffs' Properties in any manner, including generally, but not limited to, manufacture, distribution,

advertising, selling and/or offering for sale any merchandise which infringes the said Plaintiffs' Properties, and, specifically:

2.      Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Infringing Product or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of Plaintiffs' Properties;

3.      Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of Plaintiffs' Properties;

4.      Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe the actions of Defendants, the products sold by Defendants or Defendants themselves are connected with Plaintiffs, are sponsored, approved or licensed by Plaintiffs, or are in some way affiliated with Plaintiffs;

5.      Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiffs;

6.      Otherwise competing unfairly with Plaintiffs in any manner;

7.      Destroying or otherwise disposing of

a.      Merchandise falsely bearing Plaintiffs' Properties;

b.      Any other products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiffs' Properties;

c.      Any labels, packages, wrappers, containers or any other unauthorized promotion or advertising material item which reproduces, copies, counterfeits, imitates or bears any of Plaintiffs' Properties;

d.      Any molds, screens, patterns, plates, negatives or other elements used for making or manufacturing products bearing Plaintiffs' Properties;

e.      Any sales, supply or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogs and all other business records, in electronic or paper format, believed to concern the manufacture, purchase, advertising, sale or offering for sale of the Infringing Product;

B.      That Plaintiffs and their designees are authorized to seize the following items, which are in Defendants' possession, custody or control:

a.      All unauthorized products bearing Plaintiffs' Properties, or likenesses thereof;

b.      Any other unauthorized products which reproduce, copy, counterfeit, imitate or bear any of Plaintiffs' Properties or which picture, reproduce, copy or use the likeness of or bear a substantial similarity to Plaintiffs' Properties;

c.      Any labels, packages, wrappers, containers and any other unauthorized promotional or advertising material which reproduce, copy, counterfeit, imitate or bear any of Plaintiffs' Properties or which picture, reproduce, copy or use the likeness of or bear a substantial similarity to Plaintiffs' Properties;

d.      Any molds, screens, patterns, plates, negatives, machinery or equipment used for making or manufacturing the Infringing Product or unauthorized items which bear Plaintiffs' Properties or which bear a substantial similarity to any of Plaintiffs' Properties;

- 22 -

e.      Any sales, supply or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogs and all other business records, in electronic or paper format, believed to concern the manufacture, purchase, advertising, sale or offering for sale of the Infringing Product.

C.      That those Defendants infringing upon Plaintiffs' Properties be required to pay actual damages increased to the maximum extent permitted by law and/or statutory damages at Plaintiffs' election;

D.      That actual damages be trebled pursuant to 15 U.S.C. § 1117;

E.      That Defendants account for and pay over to Plaintiffs all damages sustained by Plaintiffs and profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that those profits be increased as provided by law;

F.      That Plaintiffs recover from Defendants their costs of this action and reasonable attorneys' fees; and

G.      That Plaintiffs have all other and further relief as the Court may deem just and proper under the circumstances.


Dated:  February 6 , 2019                    Wang Law Corporation


                                             By: _____
                                                 Annie S. Wang
                                                 J. Andrew Coombs, Of Counsel
                                             Attorneys for Plaintiffs Sanrio Co., Ltd. and
                                             Sanrio, Inc.

Sanrio v. GearLaunch, Inc., et al.: Complaint

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs Sanrio Co., Ltd. and Sanrio, Inc. hereby demand a trial by jury of all issues so triable.

Dated:  February 6, 2019                    Wang Law Corporation

By: _____
          Annie S. Wang
          J. Andrew Coombs, Of Counsel
Attorneys for Plaintiffs Sanrio Co., Ltd. and Sanrio, Inc.

Sanrio v. GearLaunch, Inc., et al.: Complaint

## EXHIBIT A

## SANRIO CO.'S COPYRIGHTED DESIGNS

| Copyright Registration | Title of Work (Character) |
|---|---|
| TX 3-769-888 | SANRIO 1993 Product and Sales Promotion Catalog |
| VAu 684-322 | Sanrio 2005 Character Guide |
| VA 1-303-874 | Character Merchandising |
| VA 1-296-115 | 2004 – 100 Characters |
| VA 1-370-517 | Cotton Flower Summer 2006 Catalog No. 0602 |
| VA 148-780 | Hello Kitty Notebook |
| VA 1-342-775 | Sanrio 2002 Hello Kitty Style Guide |
| VAu 1-078-385 | Sanrio 2010 Character Guide |
| VAu 1-223-912 | Sanrio Character Mini Brochure 2015 |
| Vau 531-649 | Hello Kitty Head Dress 2001 |
| VA 1-434-211 | Hello Kitty with Teddy Bear Stickers (Supplement) |
| VA 246-420 | Hello Kitty with Teddy Bear Stickers |
| VA 811-440 | Bad Badtz Maru |
| VA 1-296-111 | CHARMMY KITTY / August 04 |
| VAu 498-617 | Chococat |
| VA 130-420 | Hello Kitty |
| VA 148-624 | Hello Kitty, Little Twin Stars, My Melody and Robby Rabbit Independence Day Stickers (Supplement) |
| VA 1-434-209 | Hello Kitty, Little Twin Stars, My Melody and Robby Rabbit Independence Day Stickers |
| VA 636-579 | KeroKeroKeroppi |
| VA 707-212 | KeroKeroKeroppi |
| VA 1-416-373 | keepin' it green (KEROPPI) |
| VA 1-370-525 | Hello Kitty Everyday Catalog October 2005 |
| VA 1-434-208 | Little Twin Stars with Unicorn Stickers |
| VA 246-421 | Little Twin Stars |
| VA 130-422 | Little Twin Stars |
| VA 840-495 | Monkichi |
| VA 130-419 | My Melody |
| VA 148-778 | My Melody and Friends Fragrant Stickers |
| VA 1-370-524 | MyMelody&KuromiHelloKittyEverydayCatalogDecember2005 |
| VA 130-421 | Patty & Jimmy |
| VA 636-582 | Pekkle |
| VA 840-496 | Picke Bicke |
| VA 636-580 | Pochaco |
| VA 148-625 | Tuxedo Sam |
| VA 840-494 | Winkipinki |
| VA 636-581 | Zashikibuta |
| VA 1-352-721 | Keroppi / Little Frog…Big Splash |
| Vau 1-078-385 | Sanrio 2010 Character Guide |

| VA 657-748 | KOBUTA NO PIPPO |
|---|---|
| VA 1-342-774 | SANRIO 2005 KEROPPI STYLE GUIDE |
| Vau 655-028 | THE RUNABOUTS – 2001 |
| VA 1-416-374 | TENORIKUMA(BLUE CAFE), MY MELODY(HEART), KUROMI(KUROMI5), CHARMMY KITTY(RABBIT), HELLO KITTY(LOGO) EVERYDAY CAT.JUNE 2006 |
| VA 1-416-375 | MASYUMARU(INTRO); CINNAMOROLL(SPORT); SUGARBUNNIES(DOUGHNUTS); CHARMMYKITTY(RABBIT); LITTLE TWIN STARS(STARS); HELLO KITTY(BEAR); EVERYDAY CATALOG JULY 2006 |
| VA 1-370-020 | PANDAPPLE(INTRO), FROOLIEMEW(FANCY), CHOCOCAT(DOT)/SANRIO 2005 PRODUCT CATALOG AUG NEW |
| VA 1-967-937 | Strawberry News No. 548/ Introducing Kirimichan and Gudetama, et al. |
| VA 1-303-873 | DOKIDOKI HOTDOG / THE CHILI PEPPER TRIO / CATALOG EVERYDAY 5 MAY 2003 |
| VA 1-967-946 | GUDETAMA Fan Book |
| VA 1-962-577 | Gudetama Clear Folder |
| VA 1-967-947 | Gudetama Philosophy |
| VAu 1-307-709 | AGGRETSUKO/AGGRESSIVERETSUKO |
| VA 2-102-318 | AGGRETSUKO/AGGRESSIVERETSUKO: Smartphone Application Stamp Images |
| VA 2-090-677 | AGGRETSUKO/AGGRESSIVERETSUKO Book of Phrases and Expressions |

Sanrio v. GearLaunch, Inc., et al.: Complaint

- 26 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT B

## SANRIO CO.'S TRADEMARKS

| Trademark | Trademark Registration No. | Trademark Registration Date |
|---|---|---|
|  | 1200083 | 7/6/1982 |
|  | 1277721 | 5/15/1984 |
|  | 4858350 | 11/24/2015 |
|  | 4620152 | 10/14/2014 |
|  | 4818053 | 9/22/2015 |
|  | 4850654 | 11/10/2015 |
|  | 4858353 | 11/24/2015 |
| HELLO KITTY | 1215436 | 11/9/1982 |
| HELLO KITTY | 1279486 | 5/29/1984 |
| HELLO KITTY | 4620151 | 10/14/2014 |
| HELLO KITTY | 4845735 | 11/3/2015 |
| HELLO KITTY | 4845741 | 11/3/2015 |
| HELLO KITTY | 4850607 | 11/10/2015 |

Sanrio v. GearLaunch, Inc., et al.: Complaint

| | | |
|---|---|---|
|  | 3272377 | 7/31/2007 |
|  | 3359801 | 12/25/2007 |
|  | 3445304 | 6/10/2008 |
|  | 4760381 | 06/23/2015 |
|  | 2435865 | 3/13/2001 |
|  | 2693638 | 3/4/2003 |
|  | 4850579 | 11/10/2015 |
|  | 4854803 | 11/17/2015 |
|  | 2435866 | 3/13/2001 |
|  | 2742382 | 7/29/2003 |
| KEROPPI | 3181348 | 12/5/2006 |
| KEROPPI | 3449938 | 6/17/2008 |
| KEROPPI | 3531380 | 11/11/2008 |
| MY MELODY | 1210192 | 9/28/1982 |
| MY MELODY | 1305637 | 11/20/1984 |
| LITTLE TWIN STARS | 1341864 | 6/18/1985 |
| LITTLE TWIN STARS | 3245996 | 5/29/2007 |

Sanrio v. GearLaunch, Inc., et al.: Complaint

| | | |
|---|---|---|
| LITTLE TWIN STARS | 3245998 | 5/29/2007 |
| CHARMMY KITTY | 3505706 | 9/23/2008 |
|  | 2705163 | 4/8/2003 |
| CINNAMOROLL | 2952634 | 5/17/2005 |
| POCHACCO | 2236507 | 4/6/1999 |
| BADTZ MARU | 2284470 | 10/12/1999 |
| GUDETAMA | 5246977 | 7/18/2017 |
|  | 5246978 | 7/18/2017 |
|  | 5242102 | 7/11/2017 |
| AGGRETSUKO | Serial No. 87603564 | n/a |
|  | Serial No. 87603604 | n/a |

Sanrio v. GearLaunch, Inc., et al.: Complaint