1  Cheryl A. Cauley (SBN 252262)
   TAYLOR & PATCHEN, LLP
2  One Ferry Building, Suite 355
   San Francisco, California 94111
3  Telephone:  (415) 788-8200
   Facsimile:   (415) 788-8208
4  Email: ccauley@taylorpatchen.com

5  Attorneys for Defendants
   GEARLAUNCH, INC. and
6  THATCHER CLAFLIN SPRING

7

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12  Sanrio Co., Ltd. and Sanrio, Inc.,        Case No. 2:19-cv-00916-RGK-AGR

                Plaintiffs,                    **GEARLAUNCH, INC. AND**
13                                             **THATCHER CLAFLIN SPRING'S**
          v.                                   **ANSWER AND AFFIRMATIVE**
14                                             **DEFENSES**

15  GearLaunch, Inc., Thatcher Claflin
    Spring, and Does 1 through 10,             Complaint Served:  February 22, 2019
16  inclusive,

                Defendants.                    Trial Date:  None Set
17
                                               Honorable R. Gary Klausner
18

19

20

21

22

23

24

25

26

27

28

TAYLOR &
PATCHEN, LLP

## ANSWER TO COMPLAINT

Defendants GearLaunch, Inc. and Thatcher Claflin Spring (collectively "Defendants" or "GearLaunch") answer Plaintiffs Sanrio Co., Ltd. and Sanrio, Inc.'s (collectively "Plaintiffs" or "Sanrio") Complaint as follows:

### A.    Jurisdiction and Venue

1.    GearLaunch admits that the Complaint alleges trademark and copyright infringement.  GearLaunch admits that subject matter jurisdiction exists pursuant to 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 and § 1338(a); and 15 U.S.C. § 1051 *et seq.*

2.    GearLaunch admits that venue in the Central District of California is proper pursuant to 28 U.S.C. §§ 1391(b).  GearLaunch denies the remaining allegations in Paragraph 2.

### B.    Introduction

3.    GearLaunch denies the allegations in Paragraph 3 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 3 relating to other defendants, and on that basis denies them.

### C.    Plaintiffs

4.    GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 4, and on that basis denies them.

5.    GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 5, and on that basis denies them.

6.    GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 6, and on that basis denies them.

7.    GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 7, and on that basis denies them.

8.     GearLaunch admits that a list purporting to be a list of copyright registrations is attached to the Complaint as Exhibit A.  GearLaunch lacks sufficient information to admit or deny the remaining allegations in Paragraph 8, and on that basis denies them.

9.     GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 9, and on that basis denies them.

10.     GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 10, and on that basis denies them.

11.     GearLaunch admits that a list purporting to be a list of trademark registrations is attached to the Complaint as Exhibit B.  GearLaunch lacks sufficient information to admit or deny the remaining allegations in Paragraph 11, and on that basis denies them.

12.     GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 12, and on that basis denies them.

13.     GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 13, and on that basis denies them.

## D.     **Defendants**

14.     GearLaunch denies that GearLaunch, Inc. is a California corporation.  GearLaunch admits that GearLaunch has its principal place of business in the city and county of San Francisco, California.  GearLaunch admits that it is subject to the jurisdiction of this Court.  GearLaunch denies the remaining allegations in Paragraph 14.

15.     GearLaunch admits that Thatcher Claflin Spring is an individual who is a resident of San Francisco, California.  GearLaunch admits that Mr. Spring is the CEO of GearLaunch.  GearLaunch denies the remaining allegations in Paragraph 15.

TAYLOR &
PATCHEN, LLP

16.     GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 16, and on that basis denies them.

### F.     Defendants' Infringing Activities

17.     GearLaunch denies the allegations in Paragraph 17 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 17 relating to other defendants, and on that basis denies them.

18.     GearLaunch admits that it is not licensed by Plaintiffs.  GearLaunch denies the remaining allegations in Paragraph 18 as they relate to GearLaunch. GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 18 relating to other defendants, and on that basis denies them.

19.     GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 19, and on that basis denies them.  GearLaunch lacks sufficient information to admit or deny the allegations in the chart following Paragraph 19, and on that basis denies them.

17 (sic).     GearLaunch admits that it received at least five DMCA takedown notices from Plaintiffs since March 2018, with which it complied. GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 17 relating to other defendants, and on that basis denies them.

18 (sic).     GearLaunch denies the allegations in Paragraph 18 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 18 relating to other defendants, and on that basis denies them.  GearLaunch lacks sufficient information to admit or deny the allegations in the chart following Paragraph 18 and on that basis denies them.

19.     GearLaunch admits that it does not have a relationship with Plaintiffs.  GearLaunch denies the remaining allegations in Paragraph 19 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny

the allegations in Paragraph 19 relating to other defendants, and on that basis denies them.

20.     GearLaunch admits that it has control over what appears on its own website, www.gearlaunch.com.  GearLaunch denies the remaining allegations in Paragraph 20 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 20 relating to other defendants, and on that basis denies them.

21.     GearLaunch denies the allegations in Paragraph 21 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 21 relating to other defendants, and on that basis denies them.

# **FIRST CLAIM FOR RELIEF**
## **(For Copyright Infringement)**

22.     GearLaunch repeats and realleges each answer contained above as though fully set forth here.

23.     GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 23 and on that basis denies them.

24.     GearLaunch denies the allegations in Paragraph 24 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 24 relating to other defendants, and on that basis denies them.

25.     GearLaunch denies the allegations in Paragraph 25 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 25 relating to other defendants, and on that basis denies them.

26.     GearLaunch denies the allegations in Paragraph 26 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the

TAYLOR & PATCHEN, LLP

4.

allegations in Paragraph 26 relating to other defendants, and on that basis denies them.

27.    GearLaunch denies the allegations in Paragraph 27 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 27 relating to other defendants, and on that basis denies them.

## SECOND CLAIM FOR RELIEF

### (For Trademark Infringement)

28.    GearLaunch repeats and realleges each answer contained above as though fully set forth here.

29.    GearLaunch denies the allegations in Paragraph 29 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 29 relating to other defendants, and on that basis denies them.

30.    GearLaunch denies the allegations in Paragraph 30 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 30 relating to other defendants, and on that basis denies them.

31.    GearLaunch denies the allegations in Paragraph 31 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 31 relating to other defendants, and on that basis denies them.

32.    GearLaunch denies the allegations in Paragraph 32 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 32 relating to other defendants, and on that basis denies them.

33.    GearLaunch denies the allegations in Paragraph 33 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 33 relating to other defendants, and on that basis denies them.

## THIRD CLAIM FOR RELIEF

### (For Unfair Competition)

34.    GearLaunch repeats and realleges each answer contained above as though fully set forth here.

35.    GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 35, and on that basis denies them.

36.    GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 36, and on that basis denies them.

37.    GearLaunch denies the allegations in Paragraph 37 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 37 relating to other defendants, and on that basis denies them.

38.    GearLaunch denies the allegations in Paragraph 38 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 38 relating to other defendants, and on that basis denies them.

39.    GearLaunch denies the allegations in Paragraph 39 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 39 relating to other defendants, and on that basis denies them.

40.    GearLaunch denies the allegations in Paragraph 40 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the

allegations in Paragraph 40 relating to other defendants, and on that basis denies them.

41.    GearLaunch denies the allegations in Paragraph 41 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 41 relating to other defendants, and on that basis denies them.

42.    GearLaunch denies the allegations in Paragraph 42 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 42 relating to other defendants, and on that basis denies them.

43.    GearLaunch denies the allegations in Paragraph 43 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 43 relating to other defendants, and on that basis denies them.

44.    GearLaunch denies the allegations in Paragraph 44 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 44 relating to other defendants, and on that basis denies them.

## **FOURTH CLAIM FOR RELIEF**

### **(For False Advertising)**

45.    GearLaunch repeats and realleges each answer contained above as though fully set forth here.

46.    GearLaunch denies the allegations in Paragraph 46 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 46 relating to other defendants, and on that basis denies them.

47.     GearLaunch denies the allegations in Paragraph 47 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 47 relating to other defendants, and on that basis denies them.

48.     GearLaunch denies the allegations in Paragraph 48 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 48 relating to other defendants, and on that basis denies them.

49.     GearLaunch denies the allegations in Paragraph 49 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 49 relating to other defendants, and on that basis denies them.

50.     GearLaunch denies the allegations in Paragraph 50 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 50 relating to other defendants, and on that basis denies them.

## <u>FIFTH CLAIM FOR RELIEF</u>

### (For Contributory Copyright Infringement)

51.     GearLaunch repeats and realleges each answer contained above as though fully set forth here.

52.     GearLaunch denies the allegations in Paragraph 52 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 52 relating to other defendants, and on that basis denies them.

53.     GearLaunch denies the allegations in Paragraph 53 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the

allegations in Paragraph 53 relating to other defendants, and on that basis denies them.

54.     GearLaunch denies the allegations in Paragraph 54 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 54 relating to other defendants, and on that basis denies them.

55.     GearLaunch denies the allegations in Paragraph 55 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 55 relating to other defendants, and on that basis denies them.

56.     GearLaunch denies the allegations in Paragraph 56 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 56 relating to other defendants, and on that basis denies them.

## SIXTH CLAIM FOR RELIEF

### (For Vicarious Copyright Infringement)

57.     GearLaunch repeats and realleges each answer contained above as though fully set forth here.

58.     GearLaunch denies the allegations in Paragraph 58 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 58 relating to other defendants, and on that basis denies them.

59.     GearLaunch denies the allegations in Paragraph 59 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 59 relating to other defendants, and on that basis denies them.

60.     GearLaunch denies the allegations in Paragraph 60 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 60 relating to other defendants, and on that basis denies them.

## SEVENTH CLAIM FOR RELIEF

### (For Contributory Trademark Infringement)

61.     GearLaunch repeats and realleges each answer contained above as though fully set forth here.

62.     GearLaunch denies the allegations in Paragraph 62 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 62 relating to other defendants, and on that basis denies them.

63.     GearLaunch denies the allegations in Paragraph 63 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 63 relating to other defendants, and on that basis denies them.

64.     GearLaunch denies the allegations in Paragraph 64 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 64 relating to other defendants, and on that basis denies them.

65.     GearLaunch denies the allegations in Paragraph 65 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 65 relating to other defendants, and on that basis denies them.

66.     GearLaunch denies the allegations in Paragraph 66 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the

TAYLOR &
PATCHEN, LLP

10.

allegations in Paragraph 66 relating to other defendants, and on that basis denies them.

67.    GearLaunch denies the allegations in Paragraph 67 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 67 relating to other defendants, and on that basis denies them.

68.    GearLaunch denies the allegations in Paragraph 68 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 68 relating to other defendants, and on that basis denies them.

## EIGHTH CLAIM FOR RELIEF

### (For Vicarious Trademark Counterfeiting)

69.    GearLaunch repeats and realleges each answer contained above as though fully set forth here.

70.    GearLaunch denies the allegations in Paragraph 70 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 70 relating to other defendants, and on that basis denies them.

71.    GearLaunch denies the allegations in Paragraph 71 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 71 relating to other defendants, and on that basis denies them.

72.    GearLaunch denies the allegations in Paragraph 72 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 72 relating to other defendants, and on that basis denies them.

73.     GearLaunch denies the allegations in Paragraph 73 as they relate to GearLaunch.  GearLaunch lacks sufficient information to admit or deny the allegations in Paragraph 73 relating to other defendants, and on that basis denies them.

## PRAYER FOR RELIEF

GearLaunch denies that Plaintiffs are entitled to any relief in any form whatsoever from GearLaunch, and specifically denies that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief in the Complaint, including the relief sought in Paragraphs A-G.

## AFFIRMATIVE DEFENSES

Subject to the responses above, GearLaunch alleges and asserts the following defenses in response to the allegations in the Complaint, undertaking the proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the defenses described below, subject to its responses above, GearLaunch specifically reserves all rights to allege additional defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the allegations of the Complaint fail to state claims or causes of actions upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of acquiescence, laches and/or estoppel.

///

///

TAYLOR &
PATCHEN, LLP

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because it has waived, in whole or part, any rights it may have to institute an action for the alleged wrongdoings of which it complains by reason of Plaintiffs' conduct, actions and communications.

### FOURTH AFFIRMATIVE DEFENSE

Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against GearLaunch in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for injunctive relief are barred, in whole or in part, because there is an adequate remedy at law available to Plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for injunctive relief are barred, in whole or in part, because there is no irreparable harm to Plaintiffs from GearLaunch's actions.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any infringement, if any, was innocent.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations.

///

///

1

### TENTH AFFIRMATIVE DEFENSE

2

Plaintiffs' claims are barred, in whole or in part, because of the doctrines

3

of fair use, nominative fair use and/or descriptive use.

4

### ELEVENTH AFFIRMATIVE DEFENSE

5

Plaintiffs' claims are barred, in whole or in part, because some or all marks

6

at issue are generic.

7

### TWELFTH AFFIRMATIVE DEFENSE

8

Plaintiffs' claims are barred, in whole or in part, because some or all marks

9

at issue lack secondary meaning.

10

### THIRTEENTH AFFIRMATIVE DEFENSE

11

Plaintiffs' claims are barred, in whole or in part, because GearLaunch has

12

not infringed any applicable trademarks or copyrights under applicable federal or

13

state law.

14

### FOURTEENTH AFFIRMATIVE DEFENSE

15

Without admitting that the Complaint states a claim, any remedies are

16

limited to the extent that there is sought an overlapping or duplicative recovery

17

pursuant to the various claims for any alleged single wrong.

18

### FIFTEENTH AFFIRMATIVE DEFENSE

19

Plaintiffs' claims against GearLaunch are barred, in whole or in part,

20

because of a failure to mitigate damages, if such damages exist.

21

### SIXTEENTH AFFIRMATIVE DEFENSE

22

Plaintiffs' claims against GearLaunch are barred, in whole or in part,

23

because Plaintiffs' damages, if any, were not caused by GearLaunch.

24

### SEVENTEENTH AFFIRMATIVE DEFENSE

25

Plaintiffs' claims against GearLaunch are barred, in whole or in part,

26

because GearLaunch is not liable for the acts of others over whom it has no

27

control.

28

TAYLOR &
PATCHEN, LLP

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against GearLaunch are barred, in whole or in part, because Plaintiffs' copyrights are invalid and/or unenforceable.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against GearLaunch are barred, in whole or in part, because Plaintiffs cannot establish that GearLaunch's service is incapable of substantial non-infringing use.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims against GearLaunch are barred, in whole or in part, under the Digital Millennium Copyright Act.

## RESERVATION OF RIGHTS

GearLaunch reserves the right to raise additional affirmative and other defenses and/or counterclaims as they are discovered or become available.

## GEARLAUNCH'S PRAYER FOR RELIEF

WHEREFORE, GearLaunch respectfully requests that this Court enter judgment in its favor and against Plaintiffs and that this Court grant the following relief, either in the alternative or cumulatively:

A.     Deny issuing an injunction of any kind against GearLaunch;

B.     Dismiss Plaintiffs' claims against GearLaunch in their entirety with prejudice;

C.     Award GearLaunch its costs and attorneys' fees to the extent permitted by law; and

///

///

///

TAYLOR &
PATCHEN, LLP

1    D.    Award GearLaunch such other and further relief as the Court deems
2    to be just and proper.
3
4    Dated: April 16, 2019                   Respectfully submitted,
5                                            TAYLOR & PATCHEN, LLP
6
7
8    By: _____*/s/ Cheryl A. Cauley*_____
              Cheryl A. Cauley
9    Attorneys for Defendants GEARLAUNCH,
10   INC. and THATCHER CLAFLIN SPRING
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TAYLOR &
PATCHEN, LLP

## <u>CERTIFICATE OF SERVICE</u>

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One Ferry Building, Suite 355, San Francisco, California 94111.

On April 16, 2019, I served true copies of the foregoing **GEARLAUNCH, INC. AND THATCHER CLAFLIN SPRING'S ANSWER AND AFFIRMATIVE DEFENSES** by CAND/ECF transmission on all parties so registered to receive electronic service in the above-captioned action.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed on this 16th day of April, 2019, at San Francisco, California.

_/s/ Catherine A. Dunbar_
Catherine A. Dunbar

TAYLOR &
PATCHEN, LLP

17.